IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

               Plaintiff,

v.

CORRECTIONAL OFFICER BELZ, *et al.,*

               Defendants.

ORDER

13-cv-821-bbc

---

In this case, plaintiff Hakim Naseer is proceeding on claims that prison staff has been retaliating against him by contaminating his food. The parties currently are briefing defendants' motion for summary judgment for plaintiff's failure to exhaust his administrative remedies. The parties also have briefed plaintiff's motion for preliminary injunctive relief, which Judge Crabb will address along with the summary judgment motion.

Now before the court is a series of motions filed by plaintiff regarding perceived tampering with his legal mail. First, plaintiff filed a motion to "order the defendants to turn over legal mail," dkt. 10, asserting that prison staff confiscated and then misplaced at least one copy of his preliminary injunction motion, keeping the copy from reaching defendants or the court (plaintiff does not know which of his copies reached its destination). But this court received its copy of plaintiff's motion, as have defendants,[1] so this request must be denied as moot.

Next, plaintiff filed a motion for sanctions, dkt. 15, arguing that delays in prison staff mailing the motion meant that the motion did not reach the court by plaintiff's deadline. There is no reason to sanction defendants for minor delays in passing along plaintiff's submissions.

---

[1] In any case, as plaintiff should be aware from the court's January 31, 2014 memorandum, he no longer needs to send copies of his court filings to defendants, as they have agreed to accept electronic service of those documents.

As just noted, the court received plaintiff's motion (and defendants' response) and the court will rule on this motion in conjunction with its ruling on defendants' motion for summary judgment.

In both of plaintiff's sanctions motion and a third motion, dkt. 19, plaintiff asks the court to refer his allegations of mail tampering to the United States Attorney. The court declines to do so, seeing no evidence of misconduct, let alone criminal acts. Plaintiff is free to contact the United States Attorney himself regarding this alleged misconduct.

Finally, plaintiff has filed a motion to "order GBCI officials to stop making attempts at sabotaging [his] case," dkt. 30, in which he states that after he was transferred to the Green Bay Correctional Institution in April 2014, he did not receive all of his legal materials or a copy of his "property inventory sheet," and he has not been given the allowable number of pen inserts. As plaintiff should be aware from his long history of civil litigation in this court, it is not the court's task in this lawsuit to litigate brand-new access to the courts claims. Plaintiff is proceeding on claims regarding food contamination, so that should be the focus of his efforts. If a prison official was actively and physically blocking plaintiff's ability to come to trial or defend against a motion filed by the defendants, then the court may ask defendants' counsel to look into the matter and report the circumstances to the court, but at this point, plaintiff does not provide enough information for me to entertain his requests. Defendants state that they have now given plaintiff a copy of his property inventory sheet and they have explained their new pen insert policies. Plaintiff does not describe in detail what materials he thinks are missing, and I cannot take serious the idea that plaintiff's lack of pen inserts is harming him given the volume of documents he has submitted to the court.

2

ORDER

It is ORDERED that

(1) Plaintiff Hakim Naseer's motion to "order the defendants to turn over legal mail," dkt. 10, is DENIED as moot.

(2) Plaintiff's motion for sanctions, dkt. 15, is DENIED.

(3) Plaintiff's motion to refer his allegations of mail tampering to the United States Attorney, dkt. 19, is DENIED.

(4) Plaintiff's motion to "order GBCI officials to stop making attempts at sabotaging [his] case," dkt. #30, is DENIED.

Entered this 15th day of May, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3