IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HAKIM NASEER,

                     Plaintiff,

v.                                        ORDER

                                                        13-cv-821-jdp[1]

THOMAS BELZ, C/O GALLINGER,
C/O WIEGEL, MARY MILLER,
SGT. WALLACE, CAPTAIN MASON,
and ELLEN RAY,

                     Defendants.

     In this case, pro se plaintiff Hakim Naseer, an inmate currently incarcerated at the Green Bay Correctional Institution, is proceeding on claims that prison staff at the Wisconsin Secure Program Facility retaliated against him for filing inmate grievances by contaminating his food. Currently before the court is defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies. In an October 30, 2014 order, I directed the parties to provide supplementary briefing on the exhaustion issue with regard to three of plaintiff's grievances. Dkt. 59. After considering this briefing, I conclude that defendants have failed to show that summary judgment should be granted with regard to the first of these three grievances, so I need not discuss the second and third grievances.

     On October 10, 2013, plaintiff filed the following grievance:

> C/O T. Belz made life-threatening threats to take immediate action against my food trays by contaminating them w/ outside environmental poisons!

Dkt. 52, Exh. A. In the October 30 order, I stated the following regarding prison staff's handling of that grievance:

---

[1] This case was reassigned to me pursuant to a May 19, 2014 administrative order. Dkt. 44.

> Although the first of these grievances was assigned a number (WSPF-2013-19663), neither side has placed anything in the record explaining how the grievance was resolved. . . .
>
> * * *
>
> Given that it is defendants' burden to show that plaintiff has failed to exhaust his administrative remedies, their failure to submit a reply brief discussing this last set of grievances is troubling. Defendants do not explain how grievance no. WSPF-2013-19663 was resolved, which could by itself be enough to deny the summary judgment motion.

Dkt. 59, at 5-6. I requested supplemental briefing "because of the murky state of the record coupled with the parties' failure to address the questions surrounding [his] three grievances in their briefing" and stated that "[d]efendants' failure to address these questions to the court's satisfaction may result in denial of their summary judgment motion." *Id*. at 7.

The parties have now responded to the October 30 order, but defendants have not shown that they are entitled to summary judgment. With regard to plaintiff's first grievance, defendants have now submitted evidence showing how the grievance was processed in the DOC Inmate Complaint Review System ("ICRS") as No. WSPF-2013-19663. On October 15, defendant Ray issued the following recommendation:

> DAI Policy and Procedure #310.00.01 states in part, "When an ICE receives a complaint alleging staff misconduct of a non-sexual nature, the inmate must be interviewed as soon as possible. At the interview the inmate will be advised of the provisions of DOC 303.271 (Lying About Staff). If the inmate wishes to proceed with the complaint, an in-depth interview must follow, resulting in a detailed written statement signed by the inmate. Refusal of the interview, refusal to provide details or refusal to sign the statement shall result in dismissal of the complaint for failure to cooperate."
>
> The ICE contacted Inmate Naseer and discussed the above policy with him. He did complete a statement. As such, it is recommended this complaint be dismissed with the modification that it be further processed pursuant to DAI Policy 310.00.01.

Dkt. 60-1, at 4. Plaintiff appealed through the remainder of the four-step ICRS process. In the third step of the ICRS process, corrections complaint examiner Charles Facktor recommended

dismissal of plaintiff's appeal on November 14, 2013, because the grievance was being addressed in parallel proceedings. Facktor stated as follows:

> Because the allegations raised in this complaint had already been brought to the attention of supervisory staff and were already under review, the ICE correctly assessed that there was no need for a parallel investigation in the ICRS. The allegations are being addressed in a manner similar to DAI Policy 310.00.01.
>
> As I note the Warden reviewed this complaint and is involved in the process, I am confident the concerns will be thoroughly investigated and that the institution response to the claims will be consistent with the verified evidence. Accordingly, it is recommended this appeal be dismissed with modification.

*Id*. at 8. The appeal apparently was dismissed as redundant with an ongoing process "similar to DAI Policy 310.00.01." This decision was upheld by the office of the DOC secretary on November 22, 2013.

Defendant argues that because this final dismissal occurred the day *after* plaintiff filed his complaint in this court, plaintiff failed to exhaust his administrative remedies before filing his complaint. In the usual case, plaintiff's failure to finish the final step of the ICRS process before filing his complaint would show his failure to exhaust (at least with regard to this particular grievance). *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002).

However, in this case, it is difficult to see why the ICRS process is relevant to plaintiff's exhaustion. The ICRS examiners themselves concluded that plaintiffs' grievance should not be considered within the ICRS framework. Rather, the grievance was addressed "in a manner similar to DAI Policy 310.00.01," but defendants do not attach a copy of the policy or any of the rulings made on plaintiff's grievance under that policy. Without this information, it is impossible to tell whether plaintiff properly exhausted this particular grievance under the framework chosen by prison staff. Because it is defendants' burden to show plaintiff's failure to exhaust each of his grievances related to the alleged contamination of his food, I must deny defendants' motion for summary judgment on exhaustion grounds.

ORDER

IT IS ORDERED that defendants' motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies, Dkt. 33, is DENIED.

Entered February 9, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge