IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                           Plaintiff,

    v.

THOMAS BELZ, C/O GALLINGER,
C/O WIEGEL, MARY MILLER,
SGT. WALLACE, CAPTAIN MASON,
and ELLEN RAY,

                           Defendants.

OPINION & ORDER

13-cv-821-jdp

---

In this case, *pro se* plaintiff Hakim Naseer is proceeding on claims that, in late 2013, prison staff at the Wisconsin Secure Program Facility retaliated against him for filing inmate grievances by contaminating his food, and that they have failed to provide him medical aid. Defendants have filed a motion for summary judgment, but before that motion can be addressed, I must address several submissions filed by plaintiff. Plaintiff has filed a motion for extension of time to file his summary judgment response, a motion to compel discovery, and a motion for leave to supplement his complaint. I will deny his motions to compel discovery and supplement his complaint, but I will give him a new deadline to file his summary judgment response.

A.    **Motion to compel**

Plaintiff has filed a motion to compel discovery of prison policies regarding medical and dental co-payments. Dkt. 67. Defendants state that this policy is available for viewing in the prison library and for copying at plaintiff's expense. Plaintiff argues that he is indigent and that his legal loan will not cover this type of expense.

I conclude that defendants have done all that is required of them under the discovery rules. *See Singletary v. Reed*, Case No. 06-C-323-C, 2006 WL 3591868, *1 (W.D. Wis. Dec. 8, 2006). ("[Federal Rule of Civil Procedure] 34 does not require the defendant to provide [prisoner] with free copies of the documents he wants. If plaintiff wishes to have copies of materials in defendant's possession for his own records, he will be responsible for paying the costs of duplicating the material."). Therefore, I will deny the motion to compel.

Alternatively, the motion could be seen as a motion for injunctive relief regarding plaintiff's access to the courts, but plaintiff falls far short of showing that this is one of the rare situations in which the court must intervene because defendants are actively and physically blocking plaintiff from coming to court or defending against a motion. Plaintiff remains free to file future motions to compel or for the court's intervention regarding his ability to litigate this case, but he will have to provide detailed information documenting his requests and explaining how his case is being harmed by defendants.

B.   **Motion to supplement complaint**

Plaintiff has filed a motion for leave to supplement his complaint by adding a new defendant, Burton Cox, a physician at WSPF. Dkt. 95. Plaintiff's supplemental allegations refer to Cox's handling of a test of plaintiff's urine in June 2011. The background of plaintiff's new claims is not fully fleshed out in his supplemental pleading, but the issue was previously raised in plaintiff's motions for preliminary injunctive relief and sanctions against defendants. I discussed the issue in an October 30, 2014 order denying those motions:

> In 2011, during a previous stint at WSPF, plaintiff had lab work done indicating . . . traces of leukocytes in his urine. Plaintiff asked a doctor at the prison, Dr. Cox, what could have been the cause. Cox responded by stating that "it's most likely a contaminant, or over-reading of chem strip by technician." Dkt. 14 Exh. C. I understand plaintiff to believe that the test confirms that his food was poisoned in 2011. However, in responding to the

2

> motion for preliminary injunction, defendants submitted an affidavit of defendant Ray in which she stated that "he indicated that when he used the word 'contaminant' in the HSR response, he meant that a contaminant from [plaintiff's] skin could have entered the sample when he did the urine catch."

Dkt. 59, at 7-8. I understand plaintiff to now be alleging that Cox was either lying about the meaning of the results in an attempt to "cover up some kind of mild bladder infection and/or caused by digesting food contamination," or he was honest in suggesting that the test results were tainted by a contaminant but then failed to retest plaintiff to ensure that he was healthy. Dkt. 96, at 3-4. Plaintiff also alleges that he filed grievances about Cox, but they "were not . . . processed accordingly in a timely manner by Ray's office." After plaintiff complained about the processing of his grievances, he states that he was "mysteriously transported to another prison."

Plaintiff acknowledges that he may only amend his complaint this late in the proceedings with leave of this court. *See* Fed. R. Civ. P. 15(a)(2). Although I "should freely give leave [to amend] when justice so requires" under this rule, I conclude that it would be inappropriate to permit plaintiff to expand the scope of his lawsuit this far into the litigation. As defendants point out, plaintiff's new allegations seem to be based on defendant Ray's affidavit explaining Cox's interpretation of plaintiff's urine test results. Plaintiff received that affidavit in March 2014, over a year before he moved to supplement to the complaint, and after defendants filed their motion for summary judgment. The undue delay is reason to deny the motion because defendants would be prejudiced by halting the progress of the case to redo summary judgment.

Even aside from the delay, plaintiff fails to show that his new claims belong in the same lawsuit as his current claims, which concern alleged retaliation by food contamination in late 2013. Cox is not a defendant with regard to the alleged 2013 retaliation, and plaintiff

3

does not present any allegations suggesting that his problems in 2011 are part of the same "series of transactions" as the 2013 events. *See* Fed. R. Civ. P. 18, 20. Defendant Ray is a part of the 2013 claims, but plaintiff's allegation that "Ray's office" delayed processing his grievances about Cox falls short of showing that Ray herself was personally involved in that problem. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (constitutional claims under 42 U.S.C. § 1983 must be based on each defendant's personal involvement in the constitutional violation). Plaintiff's allegation that he was "mysteriously" transferred does not indicate any defendant's personal involvement in that decision.

C.   **Motion to extend summary judgment response deadline**

Plaintiff has filed a motion "to postpone Defendants' Summary Judgment Motion until Discovery Cutoff Deadline," Dkt. 91, which I will construe as a motion for extension of time to submit his brief in opposition. Plaintiff raises several arguments in support of his motion.[1] I understand his main reasons for an extension to be that he has not been accorded enough discovery time and that he has pending motions to compel discovery and to supplement his complaint.

---

[1]   For instance, plaintiff seems to be saying that he should be given more time in part because he has an Office of Lawyer Regulation complaint pending against defendants' counsel for sending him incomplete interrogatory responses. He also refers to perceived misconduct by a different assistant attorney general in another of his recent cases in this court, *Naseer v. Trumm*, Case No. 11-cv-4-bbc. Plaintiff does not develop an argument about the relevance of the 2011 case so I need not consider it further. To the extent that he believes that counsel for defendants is not adequately responding to his discovery requests, he should file a motion to compel in this court.

Plaintiff also appears to be arguing that defendants' summary judgment motion was premature because it was filed before the August 1, 2015 close of discovery. This is an incorrect reading of the Federal Rules of Civil Procedure and this court's scheduling orders; defendants were fully within their rights to file a summary judgment motion when they did.

Regarding the amount of discovery time, plaintiff points out that discovery was stayed for several months while the parties went through two rounds of briefing on the question of exhaustion, and so he has not received the same amount of discovery time as a litigant might normally receive in this court. I also note that I granted defendants' previous motion to extend the dispositive motions deadline, *see* Dkt. 65, so for the sake of fairness I will grant plaintiff's motion as well. Because plaintiff's motion to compel and motion to supplement the complaint have been resolved, and the scope of the case has not been expanded, plaintiff should not need much extra time to obtain any discovery he needs and complete his summary judgment briefing. I will reopen discovery and set a new summary judgment briefing schedule. Trial is currently set for September 21, 2015, but I will move that date to accommodate the new schedule. The schedule is amended as follows:[2]

- Plaintiff's summary judgment opposition: October 13, 2015

- Defendants' summary judgment reply: October 26, 2015

- Discovery Cutoff: October 26, 2015

- Final pretrial submissions and disclosures: December 11, 2015
  Objections: December 31, 2015

- Final Pretrial Conference: January 19, 2016 at 8:30 a.m.

- Trial: January 19, 2016 at 9:00 a.m.

---

[2] Defendants have filed a motion to stay the existing pretrial deadlines, which I will deny as moot.

ORDER

IT IS ORDERED that:

1. Plaintiff Hakim Naseer's motion to compel discovery, Dkt. 67, is DENIED.

2. Plaintiff's motion for leave to file a supplement to the complaint, Dkt. 95, is DENIED.

3. Plaintiff's motion to amend the schedule, Dkt. 91, 93, is GRANTED. The schedule is amended as discussed above.

4. Defendants' motion to stay pretrial deadlines, Dkt. 99, is DENIED as moot.

Entered August 27, 2015.

                              BY THE COURT:

                              /s/
                              _____
                              JAMES D. PETERSON
                              District Judge