IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                    Plaintiff,

v.

THOMAS BELZ, C/O GALLINGER,
C/O WIEGEL, MARY MILLER,
SGT. WALLACE, CAPTAIN MASON,
and ELLEN RAY,

                    Defendants.

ORDER

13-cv-821-jdp

---

Pro se plaintiff Hakim Naseer is proceeding on claims that, in late 2013, prison staff at the Wisconsin Secure Program Facility retaliated against him for filing inmate grievances by contaminating his food, and that they have failed to provide him medical aid. Defendants have filed a motion for summary judgment. In an August 27, 2015, order, I granted plaintiff's motion to extend his deadline to file a response:

> I understand [plaintiff's] main reasons for an extension to be that he has not been accorded enough discovery time and that he has pending motions to compel discovery and to supplement his complaint.
>
> Regarding the amount of discovery time, plaintiff points out that discovery was stayed for several months while the parties went through two rounds of briefing on the question of exhaustion, and so he has not received the same amount of discovery time as a litigant might normally receive in this court. I also note that I granted defendants' previous motion to extend the dispositive motions deadline, see Dkt. 65, so for the sake of fairness I will grant plaintiff's motion as well. Because plaintiff's motion to compel and motion to supplement the complaint have been resolved, and the scope of the case has not been expanded, plaintiff should not need much extra time to obtain any discovery he needs and complete his summary judgment briefing. I will reopen discovery and set a new summary judgment briefing schedule.

Dkt. 100, at 4-5.

However, even after his response deadline was extended, plaintiff has not filed a summary judgment response. This failure to respond is part of a pattern in plaintiff's most recent cases in this court. At the screening stage of case no. 13-cv-245, Judge Crabb directed plaintiff that he could proceed with the imminent-danger[1] claims contained in his complaint by paying a 66-cent initial partial payment of the filing fee, or proceed with all of his claims by prepaying the full filing fee up front. *See Naseer v. Miller*, No. 13-cv-245, 2013 WL 3716946, at *2 (W.D. Wis. Jul. 12, 2013). Plaintiff did not respond to that order. Judge Crabb considered plaintiff to have withdrawn the action voluntarily and dismissed it without prejudice. *See* Dkt. 9 in the '245 case.

In plaintiff's most recently filed case, no. 14-cv-496-jdp, I dismissed plaintiff's complaint because it was unclear whether plaintiff's claims that prison officials were withholding medication to treat his allergies and also failing to treat his hemorrhoids belonged in the same lawsuit under Federal Rule of Civil Procedure 20, and whether his claims met the imminent danger exception to 28 § 1915(g). *See Naseer v. Kiler*, No. 14-cv-496-jdp, 2015 WL 106256, at *2-3 (W.D. Wis. Jan. 7, 2015). Even after receiving an extension of time to file an amended complaint, plaintiff failed to submit an amended complaint, submit the provisional 7-cent initial partial payment the court calculated for that case, or respond to my previous order in any other way. That case was dismissed with prejudice. Dkt. 11 in the '496 case.

---

[1] Plaintiff has "struck out" under 28 U.S.C. § 1915(g) because on three different occasions he has filed lawsuits that were dismissed as dismissed as frivolous. This means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

Plaintiff has previously abandoned cases in their early stages. But in this case, plaintiff has reached a much later stage in this lawsuit, and he has previously provided at least some, albeit fairly vague, evidence in support of his claims with regard to his previously filed motion for preliminary injunctive relief. *See* Dkt. 13-14.

In an abundance of caution, I will give plaintiff a short deadline to submit his response to defendants' motion for summary judgment. This is not an invitation for plaintiff to file his own dispositive motion; he has forfeited that opportunity. Moreover, plaintiff should not expect to receive an extension of this new deadline. If plaintiff fails to substantively respond to defendants' motion for summary judgment, then I will dismiss this case, with prejudice, for his failure to prosecute it.

ORDER

IT IS ORDERED that plaintiff Hakim Naseer is directed to file his overdue opposition to defendants' motion for summary judgment by April 6, 2016. If plaintiff fails to meet this deadline, then I will dismiss this case, with prejudice, for his failure to prosecute it.

Entered March 23, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge