IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HAKIM NASEER,

                            Plaintiff,                            ORDER

    v.

                                                          13-cv-821-jdp

THOMAS BELZ, C/O GALLINGER,
C/O WIEGEL, MARY MILLER,
SGT. WALLACE, CAPTAIN MASON,
and ELLEN RAY,

                            Defendants.

---

        Pro se plaintiff Hakim Naseer brought claims that staff at the Wisconsin Secure Program Facility staff retaliated against him for filing inmate grievances by contaminating his food, and that they failed to provide him medical aid. In April 2016, I dismissed the case for Naseer's failure to respond to defendants' motion for summary judgment, even after being repeatedly prompted to file a response. *See* Dkt. 105.

        Naseer has now filed a motion for sanctions against prison officials for their actions in submitting the initial partial payment of his filing fee for this case in January 2014. Prison officials not only deducted the $0.20 initial partial payment from Naseer's release account, but they also deducted $0.48 for postage from the release account. Naseer believes that prison officials had no authority to deduct the funds for postage from his release account.

        I will deny Naseer's motion. Although this court on occasion litigates ancillary issues relating to prison trust fund accounts, postage, and funds for legal materials within the context of prisoner condition-of-confinement lawsuits, those issues are discussed only to the extent they bear on a prisoner's ability to pay the filing fee for the lawsuit or to exercise his right to access the court. The alleged deprivation here had no effect on Naseer's ability to access the

court, and this court does not usually interfere with the state's interpretation of its release account regulations, so there is no reason to discuss the postage issue within this lawsuit. Even if the issue were proper to discuss, Naseer waited far too long to bring his motion: a year after the case was dismissed and about three years after the alleged misdeed. Naseer's proper recourse would usually be to raise the issue informally with prison staff, file a prison grievance, or file a brand-new lawsuit in state or federal court. It may be too late for Naseer to use some of these options, and a brand-new lawsuit over a matter of 48 cents may not be the wisest use of his resources. But I cannot entertain his motion in this long-closed lawsuit.

ORDER

IT IS ORDERED that plaintiff Hakim Naseer's motion for sanctions, Dkt. 107, is DENIED.

Entered July 5, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge